IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| AGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS TRUJILLO, Plaintiffs § § § § | |
| VS. § | CIVIL ACTION NO. B-99-196 |
| CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT, Defendants § § § § | |

United States District Court
Southern District of Texas
FILED

DEC 0 9 1999

Michael N. Milby
Clerk of Court

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **AGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS TRUJILLO,** hereinafter referred to as the Plaintiffs in the above-styled and numbered cause and complains of **CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT,** hereinafter referred to as the Defendants, and for cause of action would show this Honorable Court as follows:

### I.
### Parties

1.01   Plaintiff **AGUSTIN R. URESTI** is a resident of Matamoros, Tamaulipas, Mexico at the present time and on the date that the accident upon which this lawsuit is based occurred.

1.02   Plaintiff **ALVARO ZAMORANO** is a resident of Matamoros, Tamaulipas, Mexico at the present time and on the date that the accident upon which this lawsuit is based occurred.

1.03    Plaintiff **JUAN R. VASQUEZ** is a resident of Matamoros, Tamaulipas, Mexico at the present time and on the date that the accident upon which this lawsuit is based occurred.

1.04    Plaintiff **JOSE LUIS TRUJILLO** is a resident of Hidalgo County, Texas.

1.05    Defendant **CHEYENNE CATTLE COMPANY** is an entity doing business in the State of Texas and may be served with process at P.O. Box 887, Belmont, Texas 78604.

1.06    Defendant **JAMES A. WUNDT** is an individual who resides in the State of Texas and may be served with process at P.O. Box 887, Belmont, Texas 78604.

1.07    Defendant **ELLEN WUNDT** is an individual who resides in the State of Texas and may be served with process at P.O. Box 887, Belmont, Texas 78604.

## II.
## Jurisdiction and Venue

2.01    Jurisdiction is proper in the United States District Court because of diversity jurisdiction, in that the Plaintiffs are residents of Mexico and are diverse in citizenship to the Defendants. Further, the amount in controversy in this case will most likely exceed the $75,000.00 minimum jurisdictional limits of the United States District Court.

2.02    Venue is proper in the United States District Court – Southern District of Texas because the accident upon which this lawsuit is based occurred in said district.

## III.

3.01    Plaintiffs bring this cause of action to recover actual damages arising out of personal injuries and damages sustained by the Plaintiffs as a result of a serious vehicular accident proximately caused by the negligent conduct of the Defendants.

3.02    On or about June 4, 1999 Plaintiffs were operating their vehicle in a safe and prudent manner Eastbound on Texas Highway 359 in Bee County, Texas prior to dawn when they unexpectedly collided with several cows on the highway. The cows had escaped from an enclosure on the Defendants' property and wandered onto the highway. As a result of the accident, the Plaintiffs suffered extensive property damage and serious physical injuries for which they seek damages for in excess of $75,000.00.

3.03    It was later discovered that the Defendants' fence, through which the cows escaped, had been damaged on April 20, 1999 and in a state of disrepair for some six (6) weeks prior to the accident upon which this lawsuit is based. Therefore, it was reasonably foreseeable to the Defendants that the accident upon which this lawsuit is based would occur.

## IV.
### Negligence

4.01    The vehicular accident made the basis of this lawsuit was proximately caused by the negligent conduct of the Defendants in wanton and reckless disregard for the rights, safety and physical well-being of the Plaintiffs in the following acts and omissions, including but not limited to:

1) Defendants failed to control their livestock;

(2) Defendants failed to replace and/or repair their fence within a reasonable period of time in order to ensure that livestock would not escape and wander onto the highway, creating an unreasonable hazard for motorists;

4.02   Each of the above and foregoing acts and omissions, singularly or in combination with others, constituted negligence on the part of the Defendants that proximately caused the collision and resulting injuries and damages suffered by the Plaintiffs.

## V.
## Gross Negligence

5.01   The conduct of Defendants, as aforesaid, was more than momentary thoughtlessness, inadvertence, or error of judgment and was of such a character as to make Defendants guilty of gross negligence.  The conduct of Defendants was in heedless and reckless disregard of the rights of the Plaintiff and involved such an entire want of care as could have resulted only from a conscious indifference to the rights, welfare or safety of the Plaintiff.  Plaintiff accordingly seeks exemplary damages in an amount equal to ten (10) times the amount of actual damages as may be found to be proper under the facts and circumstances alleged herein.

## VI.
## Damages

6.01   As a proximate result of the negligence of the Defendants as set forth above, Plaintiffs suffered injuries to their head, neck, shoulders, back and other portions of their bodies.  These injuries are severe, disabling and permanent in nature, and Plaintiffs will continue to suffer for a long time into the future, if not for the balance of

their natural life. As a result of the injuries sustained by the Plaintiffs, they have suffered severe physical and mental pain and anguish and in all probability, will continue to suffer such mental and physical anguish for a long time into the future, if not for the balance of their natural life.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Defendants be cited to appear and answer, for a jury trial, and that on final hearing, have judgment against Defendants in an amount in excess of $75,000.00, together with both pre-judgment and post-judgment interest at the lawful rate, costs of court, and for such other and further relief to which the Plaintiff may be justly entitled, either at law or in equity.

Respectfully submitted,

*R. Bruce Tharpe* (signature)

R. Bruce Tharpe
Federal Bar ID No. 13098
Texas State Bar ID No. 19823800
LAW OFFICES OF R. BRUCE THARPE
Professional Plaza
715 E. Frontage, Suite D
Alamo, Texas 78516
(956) 782-9946
(956) 782-9945 -- Fax
**PLAINTIFF'S COUNSEL**