13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

APR 1 4 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| AGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS TRUJILLO, Plaintiffs | § § § § § | |
| VS. | § | CIVIL ACTION NO. B-99-196 |
| CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT, Defendants | § § § § § | |
| MIGUEL MENDEZ GUAJARDO Intervenor | § § § | |

# JOINT REPORT OF THE MEETING AND
# RULE 26(f) JOINT DISCOVERY / CASE MANAGEMENT PLAN

1. State when and where the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The meeting of the parties required by Rule 26(f) was held telephonically on April 13, 2000 between R. Bruce Tharpe for the Plaintiffs, Lane K. Jarvis, Jr. in behalf of Richard C. Woolsey for the Defendants, and Arturo A. McDonald for the Intervenor.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   Cause No. 1999-12-5070-D; Agustin Uresti, Alvaro Zamorano, Juan R. Vasquez and Jose Luis Trujillo v. Miguel Mendez Guajardo; In the 103rd Judicial District Court of Cameron County, Texas;

3. Briefly describe what this case is about.

   This is an automobile / personal injury case that arises out of a vehicular accident that occurred on or about June 4, 1999 when the vehicle in which the Plaintiffs were occupied collided with livestock that had escaped from the property of the Defendants and had wandered onto the roadway.

The Plaintiffs contend that the Defendants proximately caused the accident by negligently allowing the livestock access to the roadway through a broken fence, that had been in a state of disrepair for an inordinate period of time, and that the Defendants negligently failed to repair the fence within a reasonable period of time in order to avoid the incident upon which the lawsuit is based.

The Defendants deny liability.

4. Specify the allegation of federal jurisdiction.

   Plaintiffs allege diversity jurisdiction and that the amount in controversy exceeds $75,000.00.

5. Name the parties who disagree and the reasons.

   The parties disagree as to the issue of federal jurisdiction. Plaintiffs allege diversity jurisdiction. Defendants deny the existence of federal diversity jurisdiction and allege that diversity is destroyed because Plaintiff Jose Luis Trujillo is a resident alien residing in McAllen, Texas.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None at this time.

7. List anticipated interventions.

   None other than the intervention already on file.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Initial disclosures have been exchanged by both parties.

10. Describe the proposed agreed discovery plan, including:

    a. Response to all matters raised in Rule 26(f)

       Plaintiffs' response has been filed with the Court.

    b. When and to whom the Plaintiff anticipates it may send interrogatories.

The Plaintiffs anticipate propounding interrogatories to the Defendants within thirty (30) days of the Initial Pretrial Conference.

    c. When and to whom the Defendants anticipate it may send interrogatories.

The Defendants anticipate propounding interrogatories to the Plaintiffs within thirty (30) days of the Initial Pretrial Conference.

    d. Of whom and by when the Plaintiff anticipates taking oral depositions.

Plaintiffs anticipate taking depositions of the Defendants and their designated representatives and any witnesses, within one hundred eighty (180) days of the date of the Initial Pretrial Conference.

    e. Of whom and by when the Defendant anticipates taking oral depositions.

Defendants anticipate taking depositions of the Plaintiffs and any witnesses, within one hundred eighty (180) days of the date of the Initial Pretrial Conference.

    f. When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

The Plaintiffs will designate experts within thirty (30) days of the date of the Initial Pretrial Conference.

The Defendants will designate experts within sixty (60) days of the date of the Initial Pretrial Conference.

> The Plaintiffs will provide reports required by Rule 26(a)(2)(B) within ninety (90) days of the date of the Initial Pretrial Conference.
>
> The Defendants will provide reports required by Rule 26(a)(2)(B) within one hundred twenty (120) days of the date of the Initial Pretrial Conference.

    g. List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule (a)(2)(B) (expert report).

Plaintiff anticipates taking depositions of the Defendants' experts within one hundred eighty (180) days of the Initial Pretrial Conference.

    h. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule (a)(2)(B) (expert report).

Defendants anticipate taking the depositions of the Plaintiffs' experts before depositions of the Defendants' experts, within one hundred fifty (150) days of the Initial Pretrial Conference.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    We have agreed.

12. Specify the discovery beyond initial disclosures that have been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    On or before December 15, 2000.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties expect that voluntary mediation will be possible after the completion of discovery.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have discussed the basis for their differing opinions about the value of the case.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    Voluntary mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Plaintiffs do not object to this case being assigned to the U.S. Magistrate.

    Defendants object to this case being assigned to the U.S. Magistrate.

18. State whether a jury demand has been made and if it was made on time.

    A timely jury demand has been made.

19. Specify the number of hours it will take to present evidence in this case.

    Undetermined at this time.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Defendants' 12(b)(1) Motion to Dismiss For Want of Subject Matter Jurisdiction.

21. List other motions pending.

    Defendants' 12(b)(1) Motion to Dismiss For Want of Subject Matter Jurisdiction.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None known at this time

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

The parties have filed a Disclosure of Interested Parties prior to the Initial Pretrial Conference.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**PLAINTIFFS' COUNSEL:**
R. Bruce Tharpe
LAW OFFICES OF R. BRUCE THARPE
Professional Plaza
715 E. Frontage, Suite D
Alamo, Texas 78516
(956) 782-9946
(956) 782-9945 – Fax
Texas State Bar ID No. 19823800
Federal Bar ID No. 13098

**INTERVENOR'S COUNSEL:**
Mr. Arturo A. McDonald
Attorney at Law
3505 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 541-3601
Texas State Bar ID No. 2401224
Federal Bar ID No. 23807

**DEFENSE COUNSEL:**
Mr. Richard C. Woolsey
State Bar ID No. 21989100
Federal Bar ID No. 11623
BARGER, HERMANSEN, MCKIBBEN & VILLARREAL, L.L.P.
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478

Respectfully submitted on this **13th** day of April, 2000.

By: _R. Bruce Tharpe_
R. BRUCE THARPE

By: _Richard C. Woolsey_
RICHARD C. WOOLSEY

By: _____
ARTURO McDONALD

None known at this time.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

The parties have filed a Disclosure of Interested Parties prior to the Initial Pretrial Conference.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**PLAINTIFFS' COUNSEL:**
R. Bruce Tharpe
LAW OFFICES OF R. BRUCE THARPE
Professional Plaza
715 E. Frontage, Suite D
Alamo, Texas 78516
(956) 782-9946
(956) 782-9945 – Fax
Texas State Bar ID No. 19823800
Federal Bar ID No. 13098

**INTERVENOR'S COUNSEL:**
Mr. Arturo A. McDonald
Attorney at Law
3505 Boca Chica Blvd.
Brownsville, Texas 78520
(956) 541-3601
Texas State Bar ID No. 2401224
Federal Bar ID No. 23807

**DEFENSE COUNSEL:**
Mr. Richard C. Woolsey
State Bar ID No. 21989100
Federal Bar ID No. 11623
BARGER, HERMANSEN, MCKRIBBEN & VILLARREAL, L.L.P.
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478

Respectfully submitted on this _____ day of April, 2000.

By: _____
    R. BRUCE THARPE

By: _____
    RICHARD C. WOOLSEY

By: _____
    ARTURO McDONALD