21

United States District Court
Southern District of Texas
ENTERED

AUG 3 1 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

Augustin R. Uresti, et al,                  §
                                                          §
        Plaintiffs,                               §
                                                          §        CIVIL ACTION NO. B-99-196
v.                                                     §
                                                          §
Cheyenne Cattle Company, et al.,      §
                                                          §
        Defendants.                             §

**ORDER**

BE IT REMEMBERED, that on August 30, 2000, the Court considered the Defendants Cheyenne Cattle Co., James A. Wundt, and Ellen Wundt's Second Amended 12(b)(1) Motion to Dismiss for Want of Subject Matter Jurisdiction [Dkt. No. 20] . The exhibits attached to the Defendants' amended motion are not properly authenticated under the Federal Rules of Civil Procedure. The Defendants are therefore **ORDERED** to submit properly authenticated exhibits by September 7, 2000. Once the Defendants submit authenticated exhibits, they will have properly challenged this Court's subject matter jurisdiction. The burden will then shift to the Plaintiffs to submit exhibits that prove by a preponderance of the evidence that the Parties were diverse at the time this lawsuit was filed and that each Plaintiff can meet the required amount in controversy. See Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974); Welsh v. American Sur. Co. of N. Y., 186 F.2d 16, 17 (5th Cir. 1951); O'Brien v. Delta Gas, Inc., 486 F.Supp. 810, 810 (E.D. La.1980). If the Plaintiffs do not submit such evidence by September 20, 2000, the Court will dismiss this case *sua sponte*.

The Defendants' motion to dismiss for lack of subject matter jurisdiction has been pending since December of 1999. Consequently, the Parties have had ample

1

time to address whether this Court does or does not have subject matter jurisdiction. The Court will not consider continuing the above deadlines, and, furthermore, it will impose monetary sanctions if the Parties do not comply with every aspect of this order.

DONE at Brownsville, Texas, this 30th day of August 2000.

Hilda G. Tagle
United States District Judge

2

ClibPDF - www.fastio.com