22

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 7 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| AUGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS TRUJILLO, Plaintiffs | § | |
| VS. | § | CIVIL ACTION NO. B-99-196 |
| CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT, Defendants | § | |

**DEFENDANTS CHEYENNE CATTLE COMPANY, JAMES A. WUNDT AND ELLEN WUNDT'S THIRD AMENDED 12(b)(1) MOTION TO DISMISS FOR WANT OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES **CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT,** Defendants in the above entitled cause and files this their Third Amended 12(b)(1) Motion to Dismiss for Want of Subject Matter Jurisdiction and in support thereof would respectfully show this Honorable Court the following:

## I. FACTUAL BACKGROUND

1. Plaintiffs Augustin R. Uresti, Alvaro Zamorano, Juan R. Vasquez, and Jose Luis Trujillo filed, in this Honorable Court, a negligence cause of action against Defendant Cheyenne Cattle Company, and Defendants James A. Wundt and Ellen Wundt. Plaintiffs filed suit based on a traffic accident involving a vehicle driven by Plaintiffs and cattle allegedly owned by the Defendants.

ClibPDF - www.fastio.com

2. On August 11, 2000, Defendants' filed a Motion to Dismiss for Want of Subject Matter Jurisdiction. In accordance with the Court's Order of July 31, 2000, Plaintiffs' were to respond within 10 days . To date no response has been filed. On August 31, 2000, this Honorable Court issued an Order requiring the Defendant to submit properly authenticated exhibits by September 7, 2000. In response, Defendants immediately issued a Deposition Upon Written Questions for the medical records of each of the Plaintiffs and the Intervenor. See Exhibit A. Additionally, counsel for Defendants sent written correspondence to counsel for the Plaintiffs and counsel for the Intervenor requesting a waiver of the notice period in order to obtain the medical bills through Deposition Upon Written Question to comply with this Court's Order. See Exhibit B. Defendants sent follow up correspondence to each counsel almost daily requesting they waive the notice period to allow Defendants to comply with this Order. At the time of the filing of this motion, Plaintiffs and counsel for the Intervenor have not returned a Notice of Waiver to the Record Service employed by Defendants to obtain these records.

3. In compliance with this Court's Order of August 30th, 2000. The Defendants' hereby attach the medical bills and the accompanying correspondence provided by the Plaintiffs' and counsel for the Intervenor at the request of Defendants for all medical bills in this case. Defendants also include the Affidavit of Lane K. Jarvis, Jr. stating that the copies of the medical bills attached to this Order are true and correct copies of those provided by counsel for the Plaintiff and counsel for the Intervenor.

4. In the present case, Plaintiffs and counsel for the Intervenor produced the medical bills contained in Exhibits C, D and E in response to request from the Defendants for any and all medical bills relating to the incident in question. The cover letters attached to these medical bills bear the

ClibPDF - www.fastio.com

signature of the Plaintiffs counsel and counsel for the Intervenor. The Plaintiffs fail to comply with this Court's Order of July 31st, 2000, wherein Defendants had until August 10, 2000 to file their motion and Plaintiffs had ten days to respond to the motion. As of this date, Plaintiffs have yet to response to the Motion let alone challenge the authenticity of the signatures in question. Additionally, see the Affidavit of Lane K. Jarvis, Jr. attesting to the fact that the copies of the bills and correspondence from Plaintiffs counsel and counsel for the Intervenor regarding these bills are true and correct copies of that received by the Defendants.

## II. ARGUMENT AND AUTHORITIES

5. Defendants move the Court for an Order dismissing this action on the ground that the court lacks subject matter jurisdiction. This is a suit based on diversity jurisdiction in accordance with 28 U.S.C.S. § § 1331 and 1332. In a diversity action, the minimum amount in controversy is $75,000. (28 U.S.C. § 1332 (a))

6. Plaintiffs' Original Petition alleges the amount in controversy in this case "will most likely exceed the $75,000 minimum jurisdictional limits" under 28 U.S.C. section 1332 (a). Plaintiffs' Original Petition is attached as Exhibit F. The amount of controversy is determined at the time the complaint is initially filed. *Suber v. Chrysler Corp.*, 104 F 3rd 578, 584 (3rd Cir. 1997). If a Plaintiff's allegation of the amount in controversy is challenged, the Plaintiff must support its contention with competent proof, i.e. a reasonable probability that jurisdiction exists. *Anthony v. Security Pacific Finance Services, Inc.*, 75 F 3rd 311, 315 (7th Circuit 1996). If it is apparent, to a legal certainty, that from the face of the pleadings or after proof has been given, the Plaintiff cannot recover the jurisdictional amount, the suit should be dismissed. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-289, 58 S.CT 586, 590.

ClibPDF - www.fastio.com

7. Plaintiffs' Original Petition seeks damages for personal injuries for each of the Plaintiffs, as well as punitive damages in the amount of ten times the amount of actual damages. Attached as Exhibit C is a copy of the medical records provided by Counsel for the Plaintiffs from Augustine Uresti, Alvaro Zamorano and Juan R. Vasquez. Mr. Trujillo's Medical Records are attached as Exhibit D and reflect bills totaling $1,078.00. Mr. Uresti's medical bills total $1,307.00. Mr. Zamorano's medical bills total $1,359.00 . Mr. Vasquez' medical bills total $1,159.00. Plaintiff's Uresti, Zamorano and Vasquez incurred the majority of these expenses following a referral to Boyd Christopher on December 7, 1997. The maximum amount any one of these Plaintiffs has sustained in damages is $1,359.00. Even if Plaintiff is able to prove an entitlement to punitive damages, which the Defendants believe Plaintiffs are not entitled to, the maximum amount prayed for by Plaintiffs is $13,590. Clearly, this does not reach the $75,000 minimum amount in controversy required by 28 U.S.C. 1332 (a). Plaintiff's Original Complaint does not seek any damages for lost wages, and defendants believe no evidence exists regarding any alleged property damage.

8. The claims of several Plaintiffs for separate and distinct injuries may not be aggregated to meet the minimum amount in controversy required by diversity jurisdiction. Synder vs. Harris 394 U.S. 332, 338. Plaintiffs in this case may not aggregate their damages in order to meet the minimum amount in controversy, and as such, each of these Plaintiffs actual damages do not and cannot meet the minimum amount in controversy. Additionally, the Fifth Circuit has held that punitive damages may not be aggregated in its ruling in *Ard vs. TransContinental Gas Pipeline Corp.*, 138F.3rd, 596, 602 (5th Cir. 1998). Therefore, Plaintiffs claims should be dismissed for lack of diversity jurisdiction for failing to meet the minimum amount in controversy requirements of U.S.C. 1332(a).

9. Plaintiffs' Original Complaint was filed on December 9, 1999. At that time, Plaintiffs Uresti,

ClibPDF - www.fastio.com

Zamorano and Vasquez had only two days prior sought out chiropractic treatment, according the medical records at the referral of their attorney, for injuries allegedly sustained on June 4, 1999. According to the medical records produced by the Plaintiffs, prior to this date, only Plaintiffs Uresti and Trujillo sought medical attention shortly following the accident. Plaintiff Uresti sought treatment in Mexico with bills totaling $340.00. (See Exhibit C). Plaintiff Trujillo sought treatment on August 23, 1999, two months following the accident at the referral of his attorney and had discontinued treatment on September 3, 1999 with total medical bills of $1078. (See Exhibit D) At the time the original complaint was filed, these Plaintiffs, with the exception of Mr. Trujillo who had discontinued treatment, each had only a few hundred dollars in actual medical expenses the majority of which were incurred six months following the accident. *See* Exhibit C.

10. Plaintiffs' Original Petition attached hereto as Exhibit F indicates in paragraph III, paragraph 3.02 that Plaintiffs suffered extensive property damage as a result of the incidence made basis of this suit. Attached hereto as Exhibit G is a copy of the complete title history from the Texas Department of Transportation of the vehicle involved in this lawsuit. This history indicates the vehicle involved in this accident was not in fact owned by Mr. Guajardo, the Intervenor, but in fact had been sold some two months prior to the accident to a non-party to this suit. As such, Defendant does not believe that Plaintiffs nor Intervener have suffered any damages to any property as a result of the incident made basis of this suit.

11. Intervener Miguel Mendez also has medical bills totaling $1359.00, all of which was apparently received on or after December 7, 1999, more than six months after the accident made basis of this suit. *See* Exhibit E.

12. Plaintiff's filed their original complaint based on diversity jurisdiction on December 9,



ClibPDF - www.fastio.com

1999. Defendant's filed a 12(b)(1) Motion to Dismiss for Want of Subject Matter Jurisdiction on December 30, 1999.

13. This motion was based on Plaintiff's allegation in the original petition that Plaintiff, Jose Luis Trujillo is a resident of Hidalgo County, Texas and that James A. Wundt and Ellen Wundt, Defendants were both residents of Texas. Defendants alleged in their original Motion to Dismiss that the Court lacked subject matter jurisdiction due to lack of diversity. In response, Plaintiffs filed an affidavit of Jose Luis Trujillo indicating that while he resided in Hidalgo County, Texas that he was in fact domiciled in Mexico. This information was brought to the attention of this Honorable Court on April 27, 2000, whereupon this Court granted Defendants seventy (70) days with which to file an Amended Motion to Dismiss.

14. Defendants propounded discovery to Plaintiff Jose Luis Trujillo regarding his immigration status, requesting a number of documents including copies of his resident alien card, documents regarding his immigration status, voting status, bank accounts, location of family, employment history and other documents necessary to evaluate Mr. Trujillo's residency status. Plaintiff's responses were due on or about June 15, 2000. The attached responses were received by Defendant on June 30, 2000 with many responses to be supplemented. These answers are unverified as well.

15. Attached as Exhibit H is a certified true and correct copy of Jose Luis Trujillo's application for a Texas Identification card, dated May 7, 1990. Under I.D. presented is written I-551. Defendants have reason to believe this is a Resident Alien card. In their Discovery requests Defendants requested any documentation showing Mr. Trujillo's current immigration status however to date now documents have been provided by Plaintiff Trujillo. (*See* Plaintiff Jose Luis Trujillo's Responses to Defendants Interrogatories and Requests for Production Attached as Exhibit I).

ClibPDF - www.fastio.com

16. Plaintiffs have failed to respond to proper discovery requests regarding information this Court indicated would be necessary in determining Mr. Trujillo's domicile, and have not met the minimum amount in controversy required under 28 U.S.C. 1332(a) and as such defendants request this honorable court dismiss this action for lack of subject matter jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Defendants CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT, pray that the Court require Plaintiffs and Intervener to present competent evidence to support their contention that the minimum amount in controversy according to 28 U.S.C. section 1332(a) has been met and if Plaintiffs and Intervener are unable to do so, pray that the Court grant their Third Amended 12(b)(1) Motion to Dismiss for Want of Subject Matter Jurisdiction and that this case be properly dismissed.

Respectfully submitted,

BARGER, HERMANSEN, MCKIBBEN,
& VILLARREAL, L.L.P.
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478
(361) 882-6611 (telephone)
(361) 883-8353 (telecopier)

By: Richard Woolsey with permission
Richard C. Woolsey
State Bar No. 21989100
Federal Admission No. 11623

Lance K. Jarvis Jr.
Fed ID # 24443

ATTORNEY IN CHARGE FOR DEFENDANTS
CHEYENNE CATTLE COMPANY, JAMES A. WUNDT AND
ELLEN WUNDT

ClibPDF - www.fastio.com

Of Counsel:

_______________________________

Lane K. Jarvis, Jr.
State Bar. No. 24012903
Federal Admission No. 24443
BARGER, HERMANSEN, MCKIBBEN,
& VILLARREAL, L.L.P.
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478
(361) 882-6611 (telephone) (361) 883-8353 (telecopier)

ClibPDF - www.fastio.com

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was forwarded by certified mail, return receipt requested, on this 6th day of September, 2000.

**VIA CMRRR 7099 3220 0008 1621 3256**
Mr. R. Bruce Tharpe
***LAW OFFICES OF R. BRUCE THARPE***
Professional Plaza
715 E. Frontage, Suite D
Alamo, Texas 78516

**VIA CMRRR 7099 3220 0008 1621 3249**
Mr. Arturo A. McDonald
Attorney at Law
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78520

Lane K. Jarvis, Jr.

ClibPDF - www.fastio.com