IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 3 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| AGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS TRUJILLO, Plaintiffs | § § § § § |
| VS. | §   CIVIL ACTION NO. B-99-196 |
| CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT, Defendants | § § § § § |
| MIGUEL MENDEZ GUAJARDO Intervenor | § § |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' THIRD-AMENDED 12(B)(1) MOTION TO DISMISS FOR WANT OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **AGUSTIN R. URESTI, ALVARO, ZAMORANO, JUAN R. VASQUEZ,** and **JOSE LUIS TRUJILLO,** hereinafter referred to as the Plaintiffs, who respectfully file this Response to Defendants' Third-Amended 12(b)(1) Motion to Dismiss, and in support hereof would respectfully present unto the Honorable Court as follows:

## I.
## Background

On December 30, 1999 Defendants filed a Rule 12(b)(1) Motion to Dismiss for Want of Subject Matter Jurisdiction and said motion has been pending before the Court since that time. On August 30, 2000 the Court considered the Defendants' Second-Amended 12(b)(1) Motion to Dismiss and the Court ruled that the exhibits attached to the

Defendants' motion were not properly authenticated under the Federal Rules of Civil Procedure. As a result of the Court's Order, the Plaintiffs did not respond until the Defendants filed their Third-Amended 12(b)(1) Motion to Dismiss which is presently before the Court for consideration.

## II.
## Defendants' Exhibits Not Properly Authenticated

2.01   The exhibits attached to Defendants' Third-Amended Second-Amended 12(b)(1) Motion to Dismiss, like those attached to their Second-Amended 12(b)(1) Motion to Dismiss, have not been properly authenticated pursuant to the Federal Rules of Civil Procedure, therefore Defendants' motion to dismiss should be denied. FRE 901 states that, " . . . proper authentication (of exhibits) . . . is a condition precedent to admissibility." Said exhibits are not self-authenticating pursuant to the provisions of FRE 902, and have not been properly authenticated for any purpose.

The exhibits that are comprised of medical bills and records are accompanied by the affidavit of defense counsel Lane Jarvis purporting to testify as to the authenticity of the documents presented. This attempt at authentication by defense counsel fails since proper authentication calls for the "testimony of a witness with knowledge" as required by FRE 901(b)(1). The proper affiant to authenticate exhibits comprised of medical bills and records would be the Custodian of Records for each particular medical provider of the records, as opposed to defense counsel who is <u>not</u> a witness with knowledge as required by FRE 901(b)(1). Defendants' motion to dismiss should be denied on this basis.

2

2.02  FRE 1002 provides that "To prove the content of a writing, . . . the original writing . . . is required." Further, as articulated in <u>U.S. v. Mayans</u>, *17 F.3d 1174 (9th Cir. 1994)*, "The 'best evidence' rule . . . provides that when the contents of a writing are at issue, the original writing is required . . ."

The documents attached to Defendants' motion identified as Exhibit G purport to show that one of the Plaintiffs is domiciled in the United States, however again, none of the documents included in Exhibit G have been properly authenticated by any affidavit of Custodian of Records testifying to their accuracy, and the Plaintiffs accordingly object to their consideration by the Court.

The content of the writings that are used by the Defendants as exhibits in support of their Motion to Dismiss are specifically at issue in this case, pursuant to this Honorable Court's Order dated August 30, 2000; since the Court raised the issue of authenticity, pursuant to the Best Evidence Rule and the Federal Rules of Civil Procedure, the Defendant must either: (1) produce the original documents as exhibits, or (2) produce properly authenticated duplicates.  The Defendants have not met this burden, therefore their motion to dismiss should be denied on this basis.

### III.

Defendants claim that written correspondence was sent to Plaintiffs' counsel requesting a waiver of the notice period in order to obtain the medical bills attached as exhibits to Defendants' Motion to Dismiss, and complains that Plaintiffs' counsel has not consented to the waiver of notice period.

3

In fact, the undersigned counsel has expressly objected, and has not agreed to any waiver of the notice period, and notified defense counsel in the correspondence attached hereto, identified as Exhibit "A" and incorporated by reference as if fully set forth herein as confirmation of the Plaintiffs' position on this issue.

Clearly, as the Court has already observed, the Defendants have had since December of 1999 to authenticate any exhibits relied on in support of their Motion to Dismiss, and for the Defendants to blame their failure to exercise due diligence on the Plaintiffs for merely asserting their entitled right <u>not</u> to stipulate, is improper. Accordingly, the Plaintiffs ask this Court to deny Defendants' Motion to Dismiss on this basis.

## IV.

Pursuant to the Court's Order issued July 31, 2000 the parties have completed discovery on the issues addressed by the Defendants' motion. The Plaintiffs have provided as complete discovery responses as are possible. No Motion to Compel discovery responses has been filed or is before the Court complaining of Plaintiffs' responses to discovery.

## V.
### Amount in Controversy

Defendants have presented to the Court, as exhibits to their motion to dismiss, unauthenticated copies of correspondence between counsel regarding settlement, in an effort to convince the Court that the amount in controversy is less than the jurisdictional limit of $75,000.00. Clearly, settlement negotiations are inadmissible for <u>any</u> purpose, including determining the amount in controversy. Pursuant to FRE 408, "Evidence of (1)

4

furnishing or . . . (2) accepting . . . consideration . . . to compromise a claim . . . is not admissible to prove liability . . . of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible." *Affiliated Mfrs. v. Aluminum Co., 56 F.3d 521, 526 (3d Cir. 1995).*

Further, pursuant to Plaintiffs' Original Complaint, the amount in controversy is "in excess of the $75,000.00 minimum jurisdictional limit of the Court." Plaintiffs have filed a Motion For Leave to File First-Amended Original Complaint, which is attached hereto, identified as Exhibit "B" and incorporated by reference as if fully set forth at length herein. In Plaintiffs' First-Amended Complaint, the amount in controversy is set forth with specificity in the amount of $500,000.00.

When the monetary demand by the Plaintiff is set out in the complaint, the court can rely upon that assertion to meet the monetary jurisdictional requirement. Diversity is established based upon the dollar amount in the complaint, even if the Defendant has a whole or partial defense to the action.

Additionally, defense counsel fails to take note or direct the Court's attention to the fact that Plaintiffs have alleged gross negligence, and have expressly requested punitive damages in an amount equal to ten (10) times the amount of actual damages. In this particular case, the Court has jurisdiction because (1) punitive damages are recoverable under state law, and (2) the Plaintiffs are not barred from recovering the jurisdictional amount. *Anthony v. Security Pac. Fin. Servs., Inc., 75 F.3d 311, 315 (7th Cir. 1996).*

Clearly, the Plaintiffs' request for punitive damages brings the amount in controversy well beyond the $75,000.00 minimum jurisdictional limit of the Court. The Plaintiffs therefore request that the Court deny Defendants' Motion to Dismiss on this basis as well.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs respectfully request that this Honorable Court deny the Defendants' 12(b)(1) Motion to Dismiss, and for such other and further relief, general and special, to which the Plaintiffs may be justly entitled, either at law or in equity.

Respectfully submitted,

*R. Bruce Tharpe*
R. Bruce Tharpe
Federal Bar ID No. 13098
Texas State Bar ID No. 19823800
LAW OFFICES OF R. BRUCE THARPE
Professional Plaza
715 E. Frontage, Suite D
Alamo, Texas 78516
(956) 782-9946
(956) 782-9945 -- Fax
PLAINTIFFS' COUNSEL

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Rule 12(b)(1) Motion to Dismiss have been served on all parties and attorneys of record by depositing same in the U.S. mail, postage prepaid, on this 12th day of September, 2000 at the following addresses:

Mr. Richard C. Woolsey
BARGER, HERMANSEN, MCKIBBEN & VILLARREAL, L.L.P.
1100 Tower II
555 N. Carancahua
Corpus Christi, Texas   78478

Mr. Arturo McDonald  
Attorney at Law  
3505 Boca Chica Blvd., #434  
Brownsville, Texas 78520

_____  
R. Bruce Tharpe

7

ClibPDF - www.fastio.com

# LAW OFFICES OF R. BRUCE THARPE

Professional Plaza
715 East Frontage, Suite D
Alamo, Texas 78516
(956) 782-9946
(956) 782-9945 -- Fax

---

September 7, 2000

**BY FACSIMILE TRANSMISSION:**     (361) 883-8353

Mr. Lane Jarvis
BARGER, HERMANSEN, MCKRIBBEN & VILLARREAL, L.L.P.
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478

> *RE:   Civil Action No. B-99-196; Augustin Uresti, Alvaro Zamorano, Juan R. Vasquez and Jose Luis Trujillo v. Cheyenne Cattle Company, James A. Wundt and Ellen Wundt; In the United States District Court for the Southern District of Texas – Brownsville Division;*

Dear Mr. Jarvis:

    In response to your letter of September 5, 2000 regarding the above-referenced case, please be advised that I <u>do not</u> agree to waive any notice provisions with regard to any medical records involved in this case. Further, please be advised that all previous settlement demands in behalf of all Plaintiffs (and the Intervenor, as per attorney Arturo McDonald) are hereby formally withdrawn.

Sincerely,

*R. Bruce Tharpe*

R. Bruce Tharpe
Attorney at Law

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS TRUJILLO, Plaintiffs | § § § § § | |
| VS. | § | CIVIL ACTION NO. B-99-196 |
| CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT, Defendants | § § § § | |

## PLAINTIFF'S FIRST-AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **AGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS TRUJILLO**, hereinafter referred to as the Plaintiffs in the above-styled and numbered cause and complains of **CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT**, hereinafter referred to as the Defendants, and for cause of action would show this Honorable Court as follows:

I.
**Parties**

1.01  Plaintiff **AGUSTIN R. URESTI** is a resident of Matamoros, Tamaulipas, Mexico at the present time and on the date that the accident upon which this lawsuit is based occurred.

EXHIBIT "B"

1.02     Plaintiff **ALVARO ZAMORANO** is a resident of Matamoros, Tamaulipas, Mexico at the present time and on the date that the accident upon which this lawsuit is based occurred.

1.03     Plaintiff **JUAN R. VASQUEZ** is a resident of Matamoros, Tamaulipas, Mexico at the present time and on the date that the accident upon which this lawsuit is based occurred.

1.04     Plaintiff **JOSE LUIS TRUJILLO** is domiciled in Mexico.

1.05     Defendant **CHEYENNE CATTLE COMPANY** is an entity doing business in the State of Texas, has been served with process and entered its appearance herein.

1.06     Defendant **JAMES A. WUNDT** is an individual who resides in the State of Texas, has been served with process and entered its appearance herein.

1.07     Defendant **ELLEN WUNDT** is an individual who resides in the State of Texas, has been served with process and entered its appearance herein.

## II.
## Jurisdiction and Venue

2.01     Jurisdiction is proper in the United States District Court because of diversity jurisdiction, in that the Plaintiffs are residents of Mexico and are diverse in citizenship to the Defendants.  Further, the amount in controversy in this case exceeds the $75,000.00 minimum jurisdictional limits of the United States District Court.

2.02    Venue is proper in the United States District Court – Southern District of Texas because the accident upon which this lawsuit is based occurred in said district.

### III.

3.01    Plaintiffs bring this cause of action to recover actual damages arising out of personal injuries and damages sustained by the Plaintiffs as a result of a serious vehicular accident proximately caused by the negligent conduct of the Defendants.

3.02    On or about June 4, 1999 Plaintiffs were operating their vehicle in a safe and prudent manner Eastbound on Texas Highway 359 in Bee County, Texas prior to dawn when they unexpectedly collided with several cows on the highway. The cows had escaped from an enclosure on the Defendants' property and wandered onto the highway. As a result of the accident, the Plaintiffs suffered extensive property damage and serious physical injuries for which they seek damages for in the amount of $500,000.00.

3.03    It was later discovered that the Defendants' fence, through which the cows escaped, had been damaged on April 20, 1999 and in a state of disrepair for some six (6) weeks prior to the accident upon which this lawsuit is based. Therefore, it was reasonably foreseeable to the Defendants that the accident upon which this lawsuit is based would occur.

### IV.
### Negligence

4.01    The vehicular accident made the basis of this lawsuit was proximately

caused by the negligent conduct of the Defendants in wanton and reckless disregard for the rights, safety and physical well-being of the Plaintiffs in the following acts and omissions, including but not limited to:

    1)    Defendants failed to control their livestock;

    (2)    Defendants failed to replace and/or repair their fence within a reasonable period of time in order to ensure that livestock would not escape and wander onto the highway, creating an unreasonable hazard for motorists;

4.02    Each of the above and foregoing acts and omissions, singularly or in combination with others, constituted negligence on the part of the Defendants that proximately caused the collision and resulting injuries and damages suffered by the Plaintiffs.

## V.
## Gross Negligence

5.01    The conduct of Defendants, as aforesaid, was more than momentary thoughtlessness, inadvertence, or error of judgment and was of such a character as to make Defendants guilty of gross negligence. The conduct of Defendants was in heedless and reckless disregard of the rights of the Plaintiff and involved such an entire want of care as could have resulted only from a conscious indifference to the rights, welfare or safety of the Plaintiff. Plaintiff accordingly seeks exemplary damages in an amount equal to ten (10) times the amount of actual damages as may be found to be proper under the facts and circumstances alleged herein.

## VI.
## Damages

6.01    As a proximate result of the negligence of the Defendants as set forth

above, Plaintiffs suffered injuries to their head, neck, shoulders, back and other portions of their bodies. These injuries are severe, disabling and permanent in nature, and Plaintiffs will continue to suffer for a long time into the future, if not for the balance of their natural life. As a result of the injuries sustained by the Plaintiffs, they have suffered severe physical and mental pain and anguish and in all probability, will continue to suffer such mental and physical anguish for a long time into the future, if not for the balance of their natural life.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Defendants be cited to appear and answer, for a jury trial, and that on final hearing, have judgment against Defendants in the amount of $500,000.00, together with both pre-judgment and post-judgment interest at the lawful rate, costs of court, and for such other and further relief to which the Plaintiff may be justly entitled, either at law or in equity.

> Respectfully submitted,
>
> _____
> R. Bruce Tharpe
> Federal Bar ID No. 13098
> Texas State Bar ID No. 19823800
> LAW OFFICES OF R. BRUCE THARPE
> Professional Plaza
> 715 E. Frontage, Suite D
> Alamo, Texas 78516
> (956) 782-9946
> (956) 782-9945 -- Fax
> PLAINTIFF'S COUNSEL

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing Plaintiffs' First-Amended Original Complaint has been served on all parties and attorneys of record by depositing same in the U.S. mail, postage prepaid, on this _____ day of _____, 2000 at the following addresses:

Mr. Richard C. Woolsey
BARGER, HERMANSEN, MCKIBBEN & VILLARREAL, L.L.P.
1100 Tower II
555 N. Carancahua
Corpus Christi, Texas   78478

Mr. Arturo McDonald
Attorney at Law
3505 Boca Chica Blvd., #434
Brownsville, Texas 78520

_____
R. Bruce Tharpe

ClibPDF - www.fastio.com