25

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 9 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| AUGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS RUJILLO, Plaintiffs § § § § | |
| VS. § | |
| CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT, Defendants § § § § | CIVIL ACTION NO. B-99-196 |
| VS. § | |
| MIGUEL MENDEZ GUAJARDO, Intervenor § § | |

INTERVENOR'S RESPONSE TO DEFENDANT'S THIRD-AMENDED 12(B) (1) MOTION
TO DISMISS FOR WANT OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MIGUEL MENDEZ GUAJARDO, hereinafter referred to as Intervenor, who respectfully file this Response to Defendants' Third-Amended 12(b)(1) Motion to Dismiss, and in support hereof would respectfully present onto the Honorable Court as follows:

I.

<u>Background</u>

On December 30, 1999 Defendants filed a Rule 12(b)(1) Motion to Dismiss for want of Subject Matter Jurisdiction and said motion has been pending before the Court since that time. On August 30, 2000 the Court considered the Defendants' Second-Amended 12(b)(1) Motion to Dismiss and the Court ruled that the exhibits attached to the Defendants' motion were not properly

authenticated under the Federal Rules of Civil Procedure. The Court further ordered that Defendants submit properly authenticated exhibits by September 7, 2000. Thereafter, on September 6, 2000 the Defendants filed their Third-Amended 12(b)(1) Motion to Dismiss which is presently before the Court for consideration.

## II.

### Objection as to Authentication of Exhibits

2.01 The exhibits attached to Defendants' Third-Amended Second-Amended 12(b)(1) Motion to Dismiss, like those attached to their Second-Amended 12(b)(1) Motion to Dismiss, have not been properly authenticated under the Federal Rules of Civil Procedure and therefore Defendants' motion should be denied on this basis.

FRE 901 states that, proper authentication (of exhibits)... is a condition precedent to admissibility. The exhibits attached to Defendants' Third-Amended Second-Amended 12(b)(1) Motion to Dismiss are not self-authenticating pursuant to the provisions of FRE 902, and have not been properly authenticated for any purpose.

The exhibits attached to Defendants' Third-Amended Second-Amended 12(B)(1) Motion to Dismiss, which are comprised of medical bills and records, are accompanied by the affidavit of defense counsel Lane Jarvis purporting to testify as to the authenticity of the documents presented. Said affidavit does not accomplish the authentication required by the Court because the affidavit does not comprise "testimony of a witness with knowledge" as requires by FRE 901 (b)(1), therefore the exhibits to the motion should not be considered, and Defendants' motion denied on this basis.

2.02 FRE 1002 provides that "To prove the content of a writing,... the original writing... is required." Further, as articulated in <u>U.S. v. Mayans</u>, 17F.3d 1174 (9th Cir. 1994), "The 'best

evidence' rule... provides that when the contents of a writing are at issue, the original writing is required. ."

The contents of the writings that are used by the Defendants in support of their Motion to Dismiss are at issue pursuant to this Honorable Court's Order dated August 30, 2000 since the Court has raised the issue of authenticity of said exhibits, therefore pursuant to the Best Evidence Rule and the Federal Rules of Civil Procedure, the Defendant must either produce the original documents as exhibits, or properly authenticated duplicates. The Defendants have not met this burden, therefore their Motion to Dismiss should be denied on this basis.

III

Defendants claim that written correspondence was sent to Plaintiffs' counsel requesting a waiver of the notice period in order to obtain the medical bills attached as exhibits to Defendants' Motion to Dismiss, and complain that Plaintiffs' counsel has not consented to the waiver of notice period. In fact, the undersigned counsel expressly objects and does not agree to any waiver of the notice period, and forwarded the correspondence attached hereto, identified as Exhibit "A" and incorporated by reference as if fully set forth herein as confirmation of the Plaintiffs' position on this issue.

Clearly, as the Court has already observed, the Defendants have had since December of 1999 to authenticate any exhibits relied on in support of their Motion to Dismiss, and for the Defendants to blame their failure to use due diligence in the preparation and prosecution of this motion on the Plaintiffs for asserting their right not to stipulate to any waiver of a notice period is improper. Accordingly, the Plaintiff ask this Honorable Court to accordingly deny Defendants' Motion to Dismiss on this basis.

IV

Pursuant to the Court's Order issued July 31, 2000 the parties have completed discovery on the issues addressed by the Defendants' motion. The Intervenor has provided as complete discovery responses as are possible. No Motion to Compel discovery responses has been filed by the Defendants or is properly before the Court complaining of Intervenor's responses to discovery.

V

Amount in Controversy

Defendants have presented to the Court unauthenticated copies of the Plaintiffs' medical bills and correspondence between counsel regarding the issue of settlement, in an effort to convince the Court that the amount in controversy is less than the jurisdictional limit of $75,000.00. Clearly, settlement negotiations are inadmissible for any purpose, including determining the amount in controversy. Further, pursuant to Plaintiffs' Original Complaint, the amount in controversy is stated in excess of the $75,000.00 minimum jurisdictional limit of the Court.

Additionally, defense counsel fails to take note or direct the Court's attention to the fact that Plaintiffs have alleged the commission of gross negligence, and have expressly requested punitive damages in their Original Complaint in an amount ten (10) times the amount of actual damages. Clearly, this brings the amount in controversy well beyond the $75,000.00 minimum jurisdictional limit of the Court. The Plaintiffs thus request that the Court deny Defendants' Motion to Dismiss on this basis as well.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs respectfully request that this Honorable Court deny the Defendants' 12(b)(1) Motion to Dismiss, and for such other and further relief, general and special, to which the Plaintiffs may be justly entitled, either at law or in equity.

Respectfully Submitted,

*[signature]*

Arturo A. McDonald
Attorney At Law
Federal Bar ID No.23807
Texas State Bar ID No. 2401224
3505 Boca Chica Blvd.#434
Brownsville, Texas 78520
(956) 541-2115
**COUNSEL FOR THE INTERVENOR**

## CERTIFICATE OF SERVICE

I, Arturo A. McDonald, Jr., hereby certify that a true and correct copy of the foregoing **Intervenor's Response to Defendant's Third-Amended 12(B)(1) Motion to Dismiss for Want of Subject Matter Jurisdiction** was sent by via facsimile, on this the 18th day of September, 2000, to counsel of record:

**Via Facsimile: (361) 883-8353**
Hon. Richard C. Woolsey
BARGER, HEMANSEN,
McKIBBEN & VILLARREAL, L.L.P
1100 Tower II
555 N. Carancahua
Corpus Christi, Texas 78478

**Via Facsimile: (956) 782-9945**
Hon. R. Bruce Tharpe
LAW OFFICES OF R. BRUCE THARPE
Professional Plaza
715 E. Frontage, Suite D
Alamo, Texas 78516

*[signature]*

Arturo A. McDonald, Jr.