27

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 22 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Augustin R. Uresti, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. B-99-196 |
| v. | § | |
| | § | |
| Cheyenne Cattle Company, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on September 22, 2000, the Court considered the Defendants Cheyenne Cattle Co., James A. Wundt, and Ellen Wundt's Third Amended 12(b)(1) Motion to Dismiss for Want of Subject Matter Jurisdiction [Dkt. No. 22], and the Plaintiffs' Motion for Leave to File First Amended Original Complaint [Dkt. No. 24].

The Plaintiffs filed suit in this Court on December 9, 1999 [Dkt. No. 1]. Shortly thereafter, on December 20, 1999, the Defendants filed a motion to dismiss for lack of subject matter jurisdiction [Dkt. No. 6]. The Defendants alleged that both the Defendants and the Plaintiff Jose Luis Trujillo are domiciled in Texas and that therefore there is no diversity.[1] See 28 U.S.C. § 1332. Since then, the Defendants have filed three amended motions to dismiss, adding the additional argument that the Plaintiffs do not meet the required amount in controversy [Dkt. Nos. 18, 20 and 22].

The Court has attempted to elicit admissible evidence and information on Plaintiff Trujillo's citizenship and the amount in controversy so it can rule on the Defendants' motion [Dkt. Nos. 15, 19, and 21]. The Defendants have not been diligent in pursuing, and the Plaintiffs have resisted, this endeavor. In its last order, entered on August 31, 2000, the Court warned the Parties that it "will impose monetary sanctions if the Parties

---

[1] The Plaintiffs have not asserted a federal cause of action.

1

do not comply with every aspect of this order" [Dkt. No. 21]. The Defendants did not comply with the order in that they did not submit authenticated exhibits by September 7, 2000. In their Third Amended Motion to Dismiss [Dkt. No. 22], the Defendants explained that they could not comply with the Court's order because the Plaintiffs refused to respond to their Deposition upon Written Questions [Dkt. No. 22, Exhs. A and B]. Given that the Court had ordered the Defendants to submit authenticated evidence that could only be obtained from the Plaintiffs, both Parties have ignored the Court's directive and both are at fault for not producing proper evidence for the Court's consideration. Consequently, counsel for the Plaintiffs and counsel for the Defendants are each **SANCTIONED** $200.00.

It is an elementary principle that federal courts are courts of limited jurisdiction that have "only the authority endowed by the Constitution and that conferred by Congress." Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir.1981). See also 13 Wright, FEDERAL PRACTICE & PROCEDURE § 3522. Consequently, a federal court has a continuing duty to inquire into subject matter jurisdiction *sua sponte* if it appears that jurisdiction may be lacking. See FDIC v. Loyd, 955 F.2d 316, 322 (5th Cir.1992). Since neither the Plaintiffs nor the Defendants have complied with this Court's attempts to obtain sufficient information to rule on the Defendants' motion, it **DENIES** that motion [Dkt. No. 22] **WITHOUT PREJUDICE**, and will instead engage in its own jurisdictional inquiry *sua sponte*.

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). See also Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974); O'Brien v. Delta Gas, Inc., 486 F.Supp. 810, 810 (E.D. La.1980). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. We have previously indicated, however, that this 'legal certainty' test has limited utility -- in fact is inapplicable -- when the plaintiff has alleged an indeterminate amount of damages." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134

2

F.3d 1250, 1253 (5th Cir. 1998). In this case, the Plaintiffs have not asserted a set amount of damages in their complaint. Consequently, the Plaintiffs have the burden of proving diversity and the requisite amount in controversy by a preponderance of the evidence. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); Welsh v. American Sur. Co. of N. Y., 186 F.2d 16, 17 (5th Cir. 1951).[2] While the affidavit presented by Plaintiff Trujillo is relevant to the Court's determination of diversity, it is entitled to little weight because it conflicts with the application for a state identification card presented by the Defendants. See Coury v. Prot, 85 F.3d 244, 251 (5th Cir. 1996); Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 556 (5th Cir.1985). The Court **ORDERS** the Plaintiffs to prove by a preponderance of the evidence that the Court has subject matter jurisdiction over its claims by October 18, 2000. All evidence submitted to the Court must be properly authenticated under the Federal Rules of Civil Procedure. If the Plaintiff does not comply with this order, the Court will dismiss its complaint *sua sponte*.

    The Plaintiffs have filed a Motion for Leave to File First Amended Original Complaint [Dkt. No. 24]. The motion states that "the Plaintiffs have found it necessary to amend their Original Complaint to specifically allege the domicile of one of the Plaintiffs, and set forth with sufficient particularity, the amount in controversy" [Dkt. No. 24]. The amended complaint does not add any information that would assist the Court in determining that it has jurisdiction. It simply substitutes the statement that Plaintiff Trujillo is a resident of Hidalgo County with an allegation that he is domiciled in Mexico, and states that the Plaintiffs seek damages in excess of $500,000.00. The allegation that the Plaintiffs are entitled to more than $500,000.00 is not helpful because the Defendants have already submitted evidence that indicates that the amount in

---

    [2] In its last order, the Court required the Defendants to properly authenticate evidence that they had already submitted in support of their motion to dismiss [Dkt. No. 21]. The Plaintiffs seem to argue based on that statement that the Defendants have the burden of proving that this Court has jurisdiction [Dkt. No. 23]. If the Plaintiffs interpret the Court's order to place the burden of proof on the Defendants, their interpretation runs contrary to well-established law.

controversy is not met as to each Plaintiff.  Therefore, the Plaintiffs' Motion for Leave to File First Amended Original Complaint [Dkt. No. 24] is **DENIED**.

DONE at Brownsville, Texas, this 22nd day of September 2000.

_____
Hilda G. Tagle
United States District Judge

4