United States District Court
Southern District of Texas
FILED

OCT 1 1 2000

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| AGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS TRUJILLO, Plaintiffs | § § § § |
| VS. | § CIVIL ACTION NO. B-99-196 § |
| CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT, Defendants | § § § § |

## PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' RULE 12(b)(1) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **AGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ**, hereinafter referred to as the Plaintiffs in the above-styled and numbered cause, and files this First Supplemental Response to Defendants' Rule 12(b)(1) Motion to Dismiss, and for cause of action would show this Honorable Court as follows:

### I.
### Diversity Jurisdiction

**1.01**    The Defendants filed a Rule 12(b)(1) Motion to Dismiss based upon the premise that complete diversity does not exist between the Plaintiffs, because Plaintiff **JOSE LUIS TRUJILLO** is allegedly domiciled in the United States.  There is no dispute as to the domicile of the remaining Plaintiffs.

**1.02**   Plaintiff **JOSE LUIS TRUJILLO** has filed a Notice of Dismissal of his claim against Defendants **CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT**, without prejudice to the rights and claims of Plaintiffs **AGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ.**

**1.03**   By virtue of Plaintiff **JOSE LUIS TRUJILLO's** Notice of Dismissal of his claim alone against Defendants **CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT**, without prejudice to the rights and claims of Plaintiffs **AGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ,** complete diversity now exists for the remaining Plaintiffs, rendering the Defendants' 12(b)(1) Motion to Dismiss moot on the diversity issue.

## II.
## Amount in Controversy

**2.01**   The Defendants have also alleged that this cause should be dismissed because the individual claims of the Plaintiffs do not exceed the minimum jurisdiction requirement of $75,000.00 each.  The Plaintiffs dispute that the amount in controversy is below the minimum jurisdiction limit of this Court and argue that at the trial of this case, the Plaintiffs will ask the jury to award actual damages to each Plaintiff in the following amounts:

| Element of Damage | Amount to be Requested at Trial |
|---|---|
| **Medical Expenses (past and future)** | **$15,000.00** |
| **Pain and Suffering (past and future)** | **$25,000.00** |
| **Mental Anguish (past and future)** | **$25,000.00** |
| **Lost Wages** | **$ 5,000.00** |
| **Loss of Earning Capacity** | **$15,000.00** |
| | **$85,000.00** |

**2.02** Further, as plead in their Original Complaint, each Plaintiff will seek punitive damages from the Defendants in an amount ten (10) times the amount of actual damages, therefore each Plaintiff will ask the jury to award $850,000.00 in punitive damages for the gross negligence of the Defendants. This position is supported by the affidavit of Plaintiffs' counsel R. Bruce Tharpe, which is attached hereto identified as Exhibit "A" and incorporated by reference as if fully set forth at length herein. Further, each of the remaining Plaintiffs have executed affidavits in support of their position regarding the amount in controversy, that have been attached hereto identified respectively as Exhibits "B," "C" and "D," and are also incorporated by reference as if fully set forth at length herein.

**2.03** The Plaintiffs have also requested in their Original Complaint that the Defendants be ordered to pay both pre-judgment and post-judgment interest at the lawful rate, along with court costs and "such other and further relief to which the Plaintiff may be justly entitled, either at law or in equity." FRCP 54(d) provides for costs to be awarded to the prevailing party, unless the Court otherwise directs. *Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993).*

**2.03** The sums claimed by the Plaintiffs have been made in good faith and the Defendants have failed to demonstrate to the Court to a legal certainty that the Plaintiffs' claims are for less than the jurisdictional amount. It is clear that the amount in controversy for each Plaintiff (considering actual damages, punitive damages, pre-judgment interest, post-judgment interest and court costs) will *well* exceed the minimum

jurisdictional requirement of this Court, therefore Defendants' Motion to Dismiss should be denied on this basis.

## III.
## Damages

In its Order dated September 22, 2000 the Court states that, "In this case, the Plaintiffs have not asserted a set amount of damages in their complaint. Consequently, the Plaintiffs have the burden of proving . . . the requisite amount in controversy by a preponderance of the evidence."

It is not clear whether FRCP 8 requires the Plaintiff to state a specific dollar amount of damages. *5 Wright & Miller §1259.* However, the demand for judgment requirement should provide the court and the Defendant with a general indication of the type of relief sought, and a Plaintiff need not necessarily state a specific amount of damages in the complaint. *Id; see Avitia v. Metropolitan Club of Chicago, Inc., 49 F.3d 1219, 1226 (7th Cir. 1995)(stating that a Plaintiff is not required to itemize damage claims in the complaint, except for special damages.)* When the amount in controversy is a jurisdictional element, the Plaintiff must at least plead damages in excess of the jurisdictional minimum. It is unnecessary for the Plaintiff to identify specifically its general damages. *Avitia, 49 f.3d at 1226.* General damages are those actual damages that naturally and necessarily flow from the Defendant's wrongful conduct. *M.F. Patterson Dental Supply Co. v. Wadley, 401 F.2d 167, 172 (10th Cir. 1968).*

In this case, the Plaintiffs have fully complied with federal requirements by pleading in its Original Complaint that the amount in controversy is in excess of the

minimum jurisdictional limits of the Court, and have presented evidence in support of the

amount in controversy in this pleading through Exhibit A attached hereto.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Court

deny the Defendants' 12(b)(1) Motion to Dismiss, and for such other and further relief to

which the Plaintiffs may be justly entitled, either at law or in equity.

Respectfully submitted,

R. Bruce Tharpe
Federal Bar ID No. 13098
Texas State Bar ID No. 19823800
LAW OFFICES OF R. BRUCE THARPE
Professional Plaza
715 E. Frontage, Suite D
Alamo, Texas 78516
(956) 782-9946
(956) 782-9945 -- Fax
PLAINTIFF'S COUNSEL

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' First
Supplemental Response to Defendants' 12(b)(1) Motion to Dismiss has been served on
all parties and attorneys of record by depositing same in the U.S. mail, postage prepaid,
on this ~~September~~ October day of ~~September,~~ 2000 at the following addresses:

Mr. Richard C. Woolsey
BARGER, HERMANSEN, MCKIBBEN & VILLARREAL, L.L.P.
1100 Tower II
555 N. Carancahua
Corpus Christi, Texas   78478

Mr. Arturo McDonald
Attorney at Law
3505 Boca Chica Blvd., #434
Brownsville, Texas 78520

R. Bruce Tharpe

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AGUSTIN R. URESTI, ALVARO | § | |
| ZAMORANO, JUAN R. VASQUEZ, | § | |
| and JOSE LUIS TRUJILLO, Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-99-196 |
| | § | |
| CHEYENNE CATTLE COMPANY, | § | |
| JAMES A. WUNDT and | § | |
| ELLEN WUNDT, Defendants | § | |

## SWORN AFFIDAVIT

| | |
|---|---|
| THE STATE OF TEXAS | ) |
| | ) |
| COUNTY OF CAMERON | ) |

BEFORE me, the undersigned authority, personally appeared R. Bruce Tharpe, known by me to be the attorney for the Plaintiffs in the above-styled and numbered cause who, being duly sworn before me, deposed and stated upon his oath as follows:

"My name is R. Bruce Tharpe and I am the attorney for the Plaintiffs in the above-styled and numbered cause. I am above the age of twenty-one (21) years of age, have never before been arrested, am of sound mind, and competent in all respects to execute this Sworn Affidavit. I have personal knowledge of the facts contained herein.

It is my belief that considering actual damages, punitive damages, pre-judgment interest, post-judgment interest and court costs, the amount in controversy for each Plaintiff will *well* exceed the minimum jurisdictional requirement of this Court. Further, should this case reach trial, I will ask the jury to award damages to each of the Plaintiffs in excess of $75,000.00. Further Affiant sayeth not."

R. Bruce Tharpe, Affiant

SWORN AND SUBSCRIBED to on this 9th day of ~~September~~ October, 2000 to certify which witness my hand and official seal.

Notary Public in and for the State of Texas

EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AGUSTIN R. URESTI, ALVARO | § | |
| ZAMORANO, JUAN R. VASQUEZ, | § | |
| and JOSE LUIS TRUJILLO, Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-99-196 |
| | § | |
| CHEYENNE CATTLE COMPANY, | § | |
| JAMES A. WUNDT and | § | |
| ELLEN WUNDT, Defendants | § | |

## SWORN AFFIDAVIT

| | |
|---|---|
| THE STATE OF TEXAS | ) |
| | ) |
| COUNTY OF CAMERON | ) |

BEFORE me, the undersigned authority, personally appeared AGUSTIN R. URESTI, known by me to be one of the Plaintiffs in the above-styled and numbered cause who, being duly sworn before me, deposed and stated upon his oath as follows:

"My name is AGUSTIN R. URESTI and I am one of the Plaintiffs in the above-styled and numbered cause. I am above the age of twenty-one (21) years of age, am of sound mind, and competent in all respects to execute this Sworn Affidavit. I have personal knowledge of the facts contained herein.

It is my belief that after considering with my attorney the damages I have suffered in this case that the amount of damages that I have suffered as a result of the accident made the basis of this lawsuit well exceeds $75,000.00. Further, should this case reach trial, I will ask my attorney to request a jury award of damages to me in excess of $75,000.00. Further Affiant sayeth not."

_Agustin Uresti. R_
AGUSTIN R. URESTI, Affiant

SWORN AND SUBSCRIBED to on this **9th** day of October, 2000 to certify which witness my hand and official seal.

_R. B Martha_
Notary Public in and for the State of Texas



R BRUCE THARPE
NOTARY PUBLIC
State of Texas
Comm. Exp. 07-26-2003

EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **AGUSTIN R. URESTI, ALVARO** | § | |
| **ZAMORANO, JUAN R. VASQUEZ,** | § | |
| **and JOSE LUIS TRUJILLO, Plaintiffs** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-99-196** |
| | § | |
| **CHEYENNE CATTLE COMPANY,** | § | |
| **JAMES A. WUNDT and** | § | |
| **ELLEN WUNDT, Defendants** | § | |

## SWORN AFFIDAVIT

| | |
|---|---|
| THE STATE OF TEXAS | ) |
| | ) |
| COUNTY OF CAMERON | ) |

BEFORE me, the undersigned authority, personally appeared AGUSTIN R. URESTI, known by me to be one of the Plaintiffs in the above-styled and numbered cause who, being duly sworn before me, deposed and stated upon his oath as follows:

"My name is AGUSTIN R. URESTI and I am one of the Plaintiffs in the above-styled and numbered cause. I am above the age of twenty-one (21) years of age, am of sound mind, and competent in all respects to execute this Sworn Affidavit. I have personal knowledge of the facts contained herein.

It is my belief that after considering with my attorney the damages I have suffered in this case that the amount of damages that I have suffered as a result of the accident made the basis of this lawsuit well exceeds $75,000.00. Further, should this case reach trial, I will ask my attorney to request a jury award of damages to me in excess of $75,000.00. Further Affiant sayeth not."

_Agustin Uresti. R_
AGUSTIN R. URESTI, Affiant

SWORN AND SUBSCRIBED to on this _9th_ day of October, 2000 to certify which witness my hand and official seal.

_R. BMaThe_
Notary Public in and for the
State of Texas



R BRUCE THARPE
NOTARY PUBLIC
State of Texas
Comm. Exp. 07-26-2003

E X H I B I T   " B "

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AGUSTIN R. URESTI, ALVARO | § | |
| ZAMORANO, JUAN R. VASQUEZ, | § | |
| and JOSE LUIS TRUJILLO, Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-99-196 |
| | § | |
| CHEYENNE CATTLE COMPANY, | § | |
| JAMES A. WUNDT and | § | |
| ELLEN WUNDT, Defendants | § | |

## SWORN AFFIDAVIT

| | |
|---|---|
| THE STATE OF TEXAS | ) |
| | ) |
| COUNTY OF CAMERON | ) |

BEFORE me, the undersigned authority, personally appeared ALVARO ZAMORANO, known by me to be one of the Plaintiffs in the above-styled and numbered cause who, being duly sworn before me, deposed and stated upon his oath as follows:

"My name is ALVARO ZAMORANO and I am one of the Plaintiffs in the above-styled and numbered cause. I am above the age of twenty-one (21) years of age, am of sound mind, and competent in all respects to execute this Sworn Affidavit. I have personal knowledge of the facts contained herein.

It is my belief that after considering with my attorney the damages I have suffered in this case that the amount of damages that I have suffered as a result of the accident made the basis of this lawsuit well exceeds $75,000.00. Further, should this case reach trial, I will ask my attorney to request a jury award of damages to me in excess of $75,000.00. Further Affiant sayeth not."

_Alvaro Zamorano_
ALVARO ZAMORANO, Affiant

SWORN AND SUBSCRIBED to on this __9th__ day of October, 2000 to certify which witness my hand and official seal.

_R. Bruce Tharpe_
Notary Public in and for the
State of Texas



R BRUCE THARPE
NOTARY PUBLIC
State of Texas
Comm. Exp. 07-26-2003

EXHIBIT "C"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| **AGUSTIN R. URESTI, ALVARO** § | |
| **ZAMORANO, JUAN R. VASQUEZ,** § | |
| **and JOSE LUIS TRUJILLO, Plaintiffs** § | |
| § | |
| **VS.** § | **CIVIL ACTION NO. B-99-196** |
| § | |
| **CHEYENNE CATTLE COMPANY,** § | |
| **JAMES A. WUNDT and** § | |
| **ELLEN WUNDT, Defendants** § | |

## SWORN AFFIDAVIT

| | |
|---|---|
| THE STATE OF TEXAS | ) |
| | ) |
| COUNTY OF CAMERON | ) |

BEFORE me, the undersigned authority, personally appeared JUAN R. VASQUEZ, known by me to be one of the Plaintiffs in the above-styled and numbered cause who, being duly sworn before me, deposed and stated upon his oath as follows:

"My name is JUAN R. VASQUEZ and I am one of the Plaintiffs in the above-styled and numbered cause. I am above the age of twenty-one (21) years of age, am of sound mind, and competent in all respects to execute this Sworn Affidavit. I have personal knowledge of the facts contained herein.

It is my belief that after considering with my attorney the damages I have suffered in this case that the amount of damages that I have suffered as a result of the accident made the basis of this lawsuit well exceeds $75,000.00. Further, should this case reach trial, I will ask my attorney to request a jury award of damages to me in excess of $75,000.00. Further Affiant sayeth not."

_____
JUAN R. VASQUEZ, Affiant

SWORN AND SUBSCRIBED to on this 9th day of October, 2000 to certify which witness my hand and official seal.

_____
Notary Public in and for the
State of Texas



R BRUCE THARPE
NOTARY PUBLIC
State of Texas
Comm. Exp. 07-26-2003

EXHIBIT "D"