IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AUGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS TRUJILLO <br> Plaintiffs | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-99-196 |
| CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT, <br> Defendants | § § § § | |

United States District Court
Southern District of Texas
FILED

OCT 23 2000

Michael N. Milby
Clerk of Court

### DEFENDANTS' CHEYENNE CATTLE COMPANY, JAMES A. WUNDT AND ELLEN WUNDT'S REPLY TO PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' 12(b)(1) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES **CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT,** Defendants in the above entitled cause and files this their Reply to Plaintiffs' Response to Defendants Rule 12(b)(1) Motion to Dismiss, and in support thereof would respectfully show this Honorable Court the following:

1. Defendants have filed a 12(b)(1) Motion to Dismiss based on a lack of diversity jurisdiction. This challenge to diversity jurisdiction was two fold, challenging a lack of complete diversity of citizenship among the Plaintiffs and Defendants, and also challenging the amount in controversy. On September 22, 2000, this Honorable Court ordered Plaintiffs to prove by preponderance of the evidence that diversity jurisdiction exits. As a result, Plaintiffs subsequently dismissed all claims brought by Jose Luis Trujillo against these Defendants. As this Court well knows, Plaintiff, Trujillo's citizenship has been questioned by the Defendant. Plaintiffs abrupt

dismissal of all claims brought by Plaintiff Trujillo clearly implies they are unable to sustain their burden and prove that Mr. Trujillo was not in fact a citizen of the State of Texas.

2. "Diversity of citizenship must exist at the time the action is commenced" <u>Coury v. Prot</u>, 85F3d 244, 248 (Fifth Circuit 1996). Plaintiffs' are unwilling or unable to prove that Plaintiff Trujillo was not a citizen of the State of Texas and chose rather to dismiss his claims. However, the case law is clear that diversity is determined at the time suit is filed. Plaintiffs' subsequent attempt to created diversity jurisdiction by dismissing the claims should fail as a matter of law.

3. On September 22, 2000, this Honorable Court ordered Plaintiffs' to prove by preponderance of the evidence that the requisite amount in controversy had been meet. In response, the Plaintiffs filed a supplemental response on or about October 9, 2000. This response contains no evidence that the amount in controversy will exceed $75,000 per Plaintiff. Rather, Plaintiffs simply recite that they will ask the jury to award actual damages in the amount of $85,000. These damages are not supported by any evidence attached to Plaintiffs' motion, and Defendants challenges Plaintiffs allegations in their response.

4. Plaintiffs allege medical expenses both past and future for each Plaintiff will be request of the jury in the amount of $15,000.00. Plaintiffs have produced no evidence that there is $15,000.00 in medical expenses for any of the Plaintiffs in this matter. Plaintiff, Alvaro Zamorano's medical expenses total $1,325.00 (See Exhibit "A" attached). Augustin Uresti's medical records from Boyd Chiropractic Center total $910.00 (See Exhibit "B" attached). Juan Reyna's medical expenses total $1,125.00 from Boyd Chiropractic Center (See Exhibit "C" attached). Plaintiffs' have produced no evidence that the damages in this case exceed that amount and have produced no evidence that Plaintiffs require any future medical expenses. According to the billing records

obtained by the Defendants, Mr. Uresti has not sought medical treatment since January 19, 2000. Mr. Zamorano has not sought medical treatment since January 25, 2000, and Mr. Reyna has not sought treatment since January 12, 2000.

5. Defendants' contend that Plaintiffs' request for medical expenses are wholly unsupported by the evidence and in fact the actual medical expenses in this case are less than one tenth of the amount Plaintiffs allege in their response to Defendant's Motion to Dismiss.

6. Additionally, Plaintiffs' seek $5,000.00 each in lost wages and $15,000.00 each in lost earning capacity according to their reply. Plaintiffs have not plead in their original complaint lost wages or lost of earning capacity and have produced no evidence to show either of these elements of damages. Defendants request this Honorable Court to take judicial notice of Plaintiffs' Original Complaint on file. As Plaintiffs have failed to properly plead these elements, they are not entitled to the damages, and the Court should not consider these damages when considering whether or not the amount in controversy is meet.

7. Additionally, Plaintiffs' seek to request of the jury $25,000.00 for pain and suffering and $25,000.00 for mental anguish as a result of the incident made basis of this suit. Plaintiffs have produced no evidence to support any of these claims. Plaintiffs have produced no medical records, no evidence from any mental health providers or counselors that Plaintiffs have suffered any mental anguish, and would be entitled to any of these damages.

8. This Court has properly required Plaintiffs to prove by the preponderance of the evidence that diversity jurisdiction exists, and that the amount of controversy is met. Plaintiffs, via their dismissal of all claims by Jose Luis Trujillo have tacitly admitted diversity jurisdiction was not proper when this case was filed. Additionally, Plaintiffs have wholly failed to produce any evidence

3

showing any damages in this case. Plaintiffs have produced no medical bills, no proof of lost wages, no proof of lost earning capacity or any other damages Plaintiffs have alleged.

WHEREFORE, PREMISES CONSIDERED, Defendants, **CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT**, pray that this Honorable Court find that diversity jurisdiction is lacking, and that the Plaintiffs have not meet the required amount in controversy under U.S.C. 1332 and that this Honorable Court dismiss this action for want of subject matter jurisdiction.

Respectfully submitted,

BARGER, HERMANSEN, MCKIBBEN,
& VILLARREAL, L.L.P.
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478
(361) 882-6611 (telephone)
(361) 883-8353 (telecopier)

By: _Richard Woolsey with permission L.K.J._   *[handwritten: Cancel Jarvis / Fed ID # 24443]*
Richard C. Woolsey
State Bar No. 21989100
Federal Admission No. 11623

ATTORNEY IN CHARGE FOR DEFENDANTS
CHEYENNE CATTLE COMPANY, JAMES A. WUNDT AND
ELLEN WUNDT

Of Counsel:

_[signature]_

Lane K. Jarvis, Jr.
State Bar. No. 24012903
Federal Admission No. 24443
BARGER, HERMANSEN, MCKIBBEN,
& VILLARREAL, L.L.P.
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478
(361) 882-6611 (telephone) (361) 883-8353 (telecopier)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded by certified mail, return receipt requested, on this 19th day of October, 2000.

**VIA CMRRR 7099 3220 0008 1621 3591**
Mr. R. Bruce Tharpe
*LAW OFFICES OF R. BRUCE THARPE*
Professional Plaza
715 E. Frontage, Suite D
Alamo, Texas 78516

**VIA CMRRR 7099 3220 0008 1621 3607**
Mr. Arturo A. McDonald
Attorney at Law
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78520

_____
Lane K. Jarvis, Jr.