37

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JAN 11 2001
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Augustin R. Uresti, et al, | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. B-99-196 |
| v. | § § | |
| Cheyenne Cattle Company, et al., | § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED, that on January 10, 2001, the Court **GRANTED** Defendants' Cheyenne Cattle Company, James A. Wundt and Ellen Wundt's Motion for Leave to File a Reply to Plaintiffs' Response to Defendants' Motion to Dismiss [Dkt. No. 34]. The Court will consider the document, although no motion to dismiss is pending, in its own *sua sponte* inquiry into subject matter jurisdiction [Dkt. No. 27]. After considering all of the evidence in the record and the Parties' arguments, the Court **RULED** that it has subject matter jurisdiction over this lawsuit.

I.  **Procedural history**

The Plaintiffs filed suit in this Court on December 9, 1999 [Dkt. No. 1]. Shortly thereafter, on December 20, 1999, the Defendants filed a motion to dismiss for lack of subject matter jurisdiction [Dkt. No. 6]. The Defendants alleged that both the Defendants and the Plaintiff Jose Luis Trujillo are domiciled in Texas and that therefore there is no diversity. See 28 U.S.C. § 1332. The Defendants filed three amended motions to dismiss, adding the additional argument that the Plaintiffs do not meet the required amount in controversy [Dkt. Nos. 18, 20 and 22]. The Court repeatedly attempted to elicit admissible evidence and information on Plaintiff Trujillo's citizenship

1

and the amount in controversy so it could rule on the Defendants' motion to no avail [Dkt. Nos. 15, 19, and 21]. The Court therefore denied without prejudice the Defendants' motions to dismiss and informed the Parties that it would engage in a *sua sponte* inquiry into its subject matter jurisdiction [Dkt. No. 27]. Thereafter, the Plaintiffs voluntary dismissed the allegedly non-diverse Plaintiff [Dkt. Nos. 28 and 32] and filed Plaintiffs' First Supplemental Response to Defendants' Rule 12(b)(1) Motion to Dismiss [Dkt. No. 33].[1]

Since the alleged non-diverse Plaintiff is no longer a Party, the sole issue that remains for the Court's consideration is whether the Plaintiffs meet the amount in controversy requirement. In their complaint, the Plaintiffs demand damages for medical expenses, pain and suffering, lost wages, lost earning capacity, loss of property, and request the imposition of punitive damages [Dkt. No. 1, ¶ 6.01]. The complaint states that "the amount in controversy in this case will most likely exceed the $75,000.00 minimum jurisdictional limits of the United States District Court" [Dkt. No. 1, ¶ 2.01] and ask for damages in excess of that amount [Dkt. No. 1, ¶ 6.01]. The Plaintiffs and Plaintiffs' counsel have submitted affidavits stating that their claim for more than $75,000.00 was made in good faith [Dkt. No. 33, Exhs. A to D]. The Defendants, on the other hand, have submitted evidence in an attempt to prove that the Plaintiffs have not met the amount in controversy [Dkt. Nos. 20, 22, 26 and 35].

II. **Amount in controversy**

It is an elementary principle that federal courts are courts of limited jurisdiction that have "only the authority endowed by the Constitution and that conferred by Congress." <u>Save the Bay, Inc. v. United States Army</u>, 639 F.2d 1100, 1102 (5th Cir.1981). <u>See also</u> 13 Wright, FEDERAL PRACTICE & PROCEDURE § 3522. Consequently, a federal court has a continuing duty to inquire into subject matter

---

[1] The Plaintiffs First Supplemental Response is captioned incorrectly since the Defendants' motion to dismiss is no longer pending. However, the Court will consider the document as an memorandum submitted to the Court to assist it in its *sua sponte* inquiry.

jurisdiction *sua sponte* if it appears that jurisdiction may be lacking. See FDIC v. Loyd, 955 F.2d 316, 322 (5th Cir.1992). The present lawsuit is based on state law. The Court consequently only has jurisdiction over this case if the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as to each Plaintiff. See 28 U.S.C. § 1332 (2000); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1330 (5th Cir. 1995); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 562 (5th Cir. 1993).

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). See Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974); O'Brien v. Delta Gas, Inc., 486 F.Supp. 810, 810 (E.D. La.1980). However, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). See St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).[2] While there is some doubt as to how much the Plaintiffs will recover if they prove liability, it does not appear to a legal certainty that the Plaintiffs will recover less than the required amount in controversy. Consequently, the Court has subject matter jurisdiction over this lawsuit.

DONE at Brownsville, Texas, this 11th day of January 2001.

Hilda G. Tagle
United States District Judge

---

[2] The Court was mistaken in the legal standards set out in its September 22, 2000 order [Dkt. No. 27]. The correct rules of law are recited in this order.