IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 6 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| AGUSTIN R. URESTI, ALVARO ZAMORANO and JUAN R. VASQUEZ<br>Plaintiffs<br><br>VS.<br><br>CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT, Defendants | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. B-99-196<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **AGUSTIN R. URESTI, ALVARO ZAMORANO** and **JUAN R. VASQUEZ**, hereinafter referred to as the Plaintiffs, and respectfully files this Response to Defendants' Motion For Summary Judgment, and in support hereof, would present unto this Honorable Court the following:

### I.
### Introduction

The purpose of summary judgment is to pierce the pleadings and to assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *Perkins v. Brigham & Women's Hosp.*, 78 F.3d 747, 749 (1st Cir. 1996); *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1404 (11th Cir. 1994). To accomplish this, summary judgment procedure is designed to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2553 (1986). Federal Rule of Civil Procedure 56(c)

provides, when "the pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

## II.
## Factual Background

On June 4, 1999 (*mistakenly identified as April 20, 1999 in Defendants' Motion for Summary Judgement*) the Plaintiffs were occupants of vehicle that collided with livestock owned by the Defendants that had been allowed to traverse and roam at large on Texas Highway 359, which is located within the jurisdiction of this Court. Said highway is not a farm to market road. Subsequently the Plaintiffs suffered damages for which they have filed suit. Defendants have attempted to escape liability for their negligence by pursuing a Motion for Summary Judgment.

## III.
## Legal Argument and Authority

Defendants filed a Motion For Summary Judgment against Plaintiffs and Intervenors' claims which is legally based solely upon §143.102 of the Texas Agricultural Code "Running at Large on Highway Prohibited," which provides:

> *A person who owns or has responsibility for the control of a . . . cow . . . may not **knowingly** permit the animal to traverse or roam at large, unattended, on the right-of-way of a highway.* (Emphasis added.)

Clearly, the intent of this statute is to prevent livestock from running at large on public highways (farm to market roads excluded) with the owner's knowledge. Further, the issue of knowledge, or whether or not the livestock in this particular case were

permitted to run at large with the owner's knowledge, is a question of fact for the jury to determine.

Defendants claim that they are entitled to summary judgment simply because they attached an affidavit to their Motion for Summary Judgment swearing that they did not "knowingly" permit their livestock onto the roadway. Defense counsel have attempted to conclusively establish the issue of knowledge by attaching the affidavit of the Defendant James A. Wundt to their Motion For Summary Judgment.

Defense counsel, however apparently seems to ignore the fundamental basis of our judicial system that it is the jury who is the trier of fact, and it is the jury who is to judge the credibility of the witnesses, including the testimony of the Defendant James A. Wundt regarding the issue of knowledge, and the circumstances of the livestock wandering onto the roadway, and the jury is required to judge the credibility of his testimony. Otherwise, any case involving the issue of knowledge could be disposed of by mere affidavit.

Constructive "knowledge" is defined by Black's Law Dictionary as, "Knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person." §143.102 of the Texas Agricultural Code doesn't distinguish between actual knowledge or constructive knowledge, therefore the Plaintiffs are entitled to present evidence to the jury in support of the knowledge element of their burden of proof. The Defendants however, are not entitled to summary judgment on such a clear fact issue as is the question of whether or not the Defendants had knowledge, therefore Defendants' Motion for Summary Judgment should be denied on this basis.

## IV.

In their Motion for Summary Judgment, the Defendants cited two cases regarding duty, both of which are inapplicable to the issue of knowledge, which appears to be the crux of Defendant's motion. *Gibbs v. Jackson, 990 S.W.2d 745 (writ history and year omitted in Defendants' brief)* is inapplicable because the incident in that case occurred on a farm to market road, which is clearly excluded from the §143.102 of the Texas Agricultural Code. The incident upon which the case at bar is based occurred on a state highway. *Beck v. Shepard, 566 S.W.2d 569 (Tex. 1978) (writ history omitted in Defendants' brief)* is also inapplicable because this case concerns the issue of *presumptive negligence* as opposed to common law negligence, which is what has been alleged in the suit at bar.

Conversely, in *Gray v. Davis, 792 S.W.2d 856 (Tex.App.-Ft. Worth, 1990)*, which is much more current than the cases cited by the Defendants, and exactly on point with the case at bar, the Court held that evidence in the form of testimony of property owner and his niece that they heard neighbor say that he had apparently left his pasture gate open established owner's negligence in allowing stallions to escape, notwithstanding neighbor's subsequent testimony that he did not know how stallions got out. Therefore, the Defendants' Motion for Summary Judgment should be denied in order to allow the testimony of the Plaintiffs to be considered by the jury regarding the Defendants' negligence in this case.

In the Defendant's own affidavit, he admits that "[A] portion of fence adjoining

Highway 359 in Bee county (sic) was partially knocked down by a motor vehicle on or ablout April 20, 1999." This is the portion of fence that the Plaintiffs allege the livestock escaped through that proximately caused the accident that occurred on June 4, 1999, some six (6) weeks later. The Plaintiffs allege that the Defendants' failure to repair the fence for more than six (6) weeks, despite knowing of the risk that their livestock would wander through the broken fence and onto the roadway, constitutes negligence.

Further, Plaintiffs allege that this conduct on the part of Defendants also supports evidence of constructive knowledge as contemplated by §143.102 of the Texas Agricultural Code, because "constructive knowledge" is "knowledge that one using reasonable care or diligence <u>should</u> have," and therefore the jury is entitled to consider evidence supporting the issue of knowledge at the trial of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs **AGUSTIN R. URESTI, ALVARO ZAMORANO** and **JUAN R. VASQUEZ** respectfully request that this Honorable Court deny Defendants' Motion For Summary Judgment, and for such other and further relief to which these Plaintiffs are justly entitled, either at law or in equity.

Respectfully submitted,

LAW OFFICES OF R. BRUCE THARPE
Professional Plaza
715 E. Frontage Road, Suite D.
Alamo, TX 78516
(956) 782-9946
(956) 782-9945

BY: _R. Bruce Tharpe_
R. Bruce Tharpe
Texas State Bar ID No. 19823800
Federal Bar ID No. 13098

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Defendants' Motion For Summary Judgment has been served on all parties and attorneys of record by depositing same in the U.S. mail, postage prepaid, on this **26th** day of January, 2001.

_____
R. Bruce Tharpe

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AGUSTIN R. URESTI, ALVARO ZAMORANO, and JUAN R. VASQUEZ, Plaintiffs | § § § § | |
| VS. | § | CIVIL ACTION NO. B-99-196 |
| CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT, Defendants | § § § § § | |
| MIGUEL MENDEZ GUAJARDO Intervenor | § § | |

## SWORN VERIFICATION

BEFORE me, the undersigned authority, personally appeared JUAN R. VASQUEZ who, being dully sworn before me, upon her oath, deposes and state as follows:

"My name is JUAN R. VASQUEZ. I am the Plaintiff in the above-styled and numbered cause. I have read the foregoing Response to Defendants' Motion For Summary Judgment and/or had the same explained to me in Spanish, and everything contained therein is true and correct and within my personal knowledge."

"FURTHER AFFAINT SAYETH NOT."

_____
JUAN R. VASQUEZ

SUBSCRIBED AND SWORN TO BEFORE ME on this the 26th day of January, 2001 to witness my hand and seal of office.

_____
R. Bruce Tharpe
Notary Public in and for the
State of Texas

[Notary Seal: R BRUCE THARPE, NOTARY PUBLIC, State of Texas, Comm. Exp. 07-28-2003]