IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 3 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| AUGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS TRUJILLO<br>　　　Plaintiffs | § § § § § | |
| VS. | § | CIVIL ACTION NO. B-99-196 |
| CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT,<br>　　　Defendants | § § § § § | |

### DEFENDANTS, CHEYENNE CATTLE COMPANY, JAMES A. WUNDT AND ELLEN WUNDT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Cheyenne Cattle Company, James A. Wundt and Ellen Wundt, in the above entitled cause and files this their Motion for Summary Judgment and in support thereof would respectfully show this Honorable Court the following:

### I. Statement of the Case

Plaintiffs, Augustine R. Uresti, Alvarado Zamorano and Juan R. Vasquez have filed suit against Cheyenne Cattle Company, James A. Wundt and Ellen Wundt for alleged negligence resulting in a collision between Plaintiffs vehicle and Defendants livestock. For the reason set forth below, Defendants assert that they are entitled to Summary Judgment as a matter of law.

### II. Background

A. Factual Background

On April 20, 1999, a vehicle traveling south on Texas Highway 359 left the roadway and

damaged a portion of the fence on Defendants property. At this time, there were no livestock of any type contained within the pasture joining the damaged fence. In the succeeding weeks, no livestock were placed within this pasture. On June 4, 1999, Plaintiffs' vehicle collided with heifers owned by Defendant, James A. Wundt.

### B.  Procedural Background

Subsequently, on December 9, 1999, Plaintiffs' filed suit in United States District Court for the Southern District of Texas alleging negligence against Defendants Cheyenne Cattle Company, James A. Wundt and Ellen Wundt. Plaintiffs' Petition specifically alleges Defendants were negligent in the following respects:

1)   Defendants failed to control their livestock;

2)   Defendants failed to replace and/or repair their fence within a reasonable period of time in order to ensure that livestock would not escape and wander onto the highway, creating an unreasonable hazard for motorist.

Plaintiffs contend that this constitutes negligence for which they seek recovery.

### III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), the movant bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the summary judgment record] which it believes demonstrates the absence of a genuine issue of material fact." FED. R. CIV. P. 56; Celotex Corp. vs. Catrett, 477 U.S. 317, 323 (1986). Once this burden is satisfied, the burden shifts to the non-movant to establish the existence of a genuine issue of material fact for trial. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825. Whether the record supports a genuine issue of material fact is a question of law for the Court to decide.

## IV. Defendant Cheyenne Cattle Company, James A. Wundt and Ellen Wundt's Arguments and Authorities in Support of Summary Judgment

The Defendant is entitled to a summary judgment as a mater of law. The uncontradicted summary judgment evidence conclusively establishes that (1) there is no statutory duty to restrain livestock in and around the area where the accident occurred; and, (2) there is no common law duty to fence livestock in the State of Texas.

## V. Absence of Statutory Duty

The Plaintiffs contend that Cheyenne Cattle Company, James A. Wundt and Ellen Wundt were negligent in allowing cattle to enter onto Highway 359.

The Texas Agriculture Code, Subchapter "E" of §143 which is entitled, "Animals Running at Large on Highways," provides as follows:

> A person who owns or has responsibility for the control of a horse, mule donkey, cow, bull, steer, hog, sheep, or goat may not **knowingly** permit the animal to traverse or road at large, unattended, on the right-of-way of a highway. (Emphasis added)

The statutory language is clear, that individuals may not "knowingly" permit animals to roam at large at the right-of-way of the highway. The affidavit of James A. Wundt, attached hereto, makes clear that Defendants had no knowledge that the cattle in question were on the right-of-way of Highway 359 on the morning of June 4, 1999. It further makes clear that Defendant had no reason to suspect that these animals may be free, as testified to by Mr. Wundt that the animals had not previously escaped, nor had any of his other cattle with one exception some years prior, and that the fences surrounding the pasture in which the cattle were placed were in good repair.

The Texas Supreme Court in <u>Beck v. Shepard</u>, 566 S.W.2d, 569 (Tex. 1978), ruled on a very

3

similar issue. In the Beck case, Plaintiffs automobile collided with a horse on U.S. Highway 377. Plaintiffs filed suit and sought damages based on the collision between the automobile and the horse. In that case, the Court held that the mere fact that the horse was on the highway did not create a rebuttable presumption of negligence. The Court went further, and after reviewing the facts found that there was no more than a scintilla of evidence that the Defendant was negligent. In arriving at this conclusion, the Court noted that "there was no evidence that any of the fences were down or gates opened, or that Duke [the horse in question] had ever gotten out of the pastures or that he had any propensity for doing so." The Court then noted that "such being the state of the record, there were no facts or circumstances that could be said to have reasonably alerted [the horse owner] to the possibility that the horse had escaped the fences or gates, or that would show that [the horse owner] did not exercise due care." The Court also noted that while there had been some testimony concerning prior escapes by horses, that these were "unspecified and infrequent times in the past" and found to be no evidence regarding the cause of those past incidents nor any evidence of any recent occurrences involving the horse in question or any other horses escaping.

Clearly, the case at far is extremely similar to the Beck case. Mr. Wundt's Affidavit clearly states that he has no knowledge of any prior escapes of any of his animals with the exception of one calf some years prior, and that his fences were at all times maintained in good repair. There is simply no evidence that Mr. Wundt, Cheyenne Cattle Company or Ellen Wundt had any knowledge that the cattle in question had escaped prior to the accident in question, nor any reason to suspect their escape.

The Texas Supreme Court in Gibbs v. Jackson, 990 S.W.2d, 745, decided a similar claim regarding cattle on a farm-to-market road. In footnote 4, the Court noted its decision in Beck v.

4

Shepard, stating as follows "declining to presume that a horse owner was negligent under a predecessor to the Agriculture Code section 143.102 because the owner had not "knowingly" allowed his horse to roam at large, but then analyzing whether the driver produced some evidence that the owner violated a "common law duty to act with due care to keep his horse from escaping onto the highway".

The law in Texas is clear, as delineated above by the Texas Supreme Court. Plaintiff must come forward with some evidence that the Defendant knowingly allowed his cattle to roam on Highway 359 or failed to exercise due care. As the record exists, there is no evidence that this is true, and in fact the affidavit of James A. Wundt specifically refutes these allegations stating the defendants had no knowledge that their livestock was out nor any reason to suspect that they were out.

WHEREFORE PREMISES CONSIDERED, the Defendant request that this matter be set for hearing with notice to all parties, and that upon completion of the hearing the Court enter judgment that the Plaintiffs take nothing from this defendant, and that the plaintiffs cause of action against this defendant be dismissed with prejudice, and for such other and further relief as to which this Defendant may show themselves justly entitled.

           Respectfully submitted,

           BARGER, HERMANSEN, MCKIBBEN,
           & VILLARREAL, L.L.P.
           1100 Tower II
           555 North Carancahua
           Corpus Christi, Texas 78478
           (361) 882-6611 (telephone)
           (361) 883-8353 (telecopier)

By: *Richard Woolsey* /s/

Richard C. Woolsey
State Bar No. 21989100
Federal Admission No. 11623

ATTORNEY IN CHARGE FOR DEFENDANTS CHEYENNE CATTLE COMPANY, JAMES A. WUNDT AND ELLEN WUNDT

Of Counsel:

_____
Lane K. Jarvis, Jr.
State Bar. No. 24012903
Federal Admission No. 24443
BARGER, HERMANSEN, MCKIBBEN,
& VILLARREAL, L.L.P.
1100 Tower II
555 North Carancahua
Corpus Christi, Texas 78478
(361) 882-6611 (telephone) (361) 883-8353 (telecopier)

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was forwarded by certified mail, return receipt requested, on this 12 day of January, 2001.

**VIA CMRRR 7000 0600 0022 4323 7673**
Mr. R. Bruce Tharpe
*LAW OFFICES OF R. BRUCE THARPE*
Professional Plaza
715 E. Frontage, Suite D
Alamo, Texas 78516

**VIA CMRRR 7000 0600 0022 4323 7666**
Mr. Arturo A. McDonald
Attorney at Law
3505 Boca Chica Blvd., Suite 434
Brownsville, Texas 78520

_____
Lane K. Jarvis, Jr.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AUGUSTIN R. URESTI, ALVARO ZAMORANO, JUAN R. VASQUEZ, and JOSE LUIS TRUJILLO<br>Plaintiffs | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-99-196 |
| CHEYENNE CATTLE COMPANY, JAMES A. WUNDT and ELLEN WUNDT,<br>Defendants | § § § § § | |

### AFFIDAVIT OF JAMES A. WUNDT

THE STATE OF TEXAS    §
                     §
COUNTY OF _____    §

BEFORE ME, the undersigned authority, on this day personally appeared JAMES A. WUNDT, known to me to be the person whose signature appears below, and after being duly sworn upon oath, deposed and stated as follows:

"My name is JAMES A. WUNDT. I am over the age of 21, of sound mind, and am competent in all other respect to make this affidavit. Everything stated herein is based upon my own personal knowledge and is true and correct.

"I understand that Plaintiffs, Augustin R. Uresti, Alvaro Zamorano and Juan R. Vasquez, have filed suit against me alleging to have sustained injuries in an accident which occurred on June 4, 1999. I also understand that the Plaintiffs allege that while they were traveling on Highway 359 in Bee County, Texas, heifers which I owned intruded upon the roadway into the path of their vehicle and caused a collision.

"Neither the heifers which were involved in the accident on June 4, 1999, nor any other animal owned by me has ever escaped the confines of my fenced property on Highway 359 in Bee County on any other occasion prior to June 4, 1999 other than

one baby calf which crawled under a fence four or five years ago. That calf did not wander onto the highway and was promptly returned to the pasture without incident.

"The fences on my property surrounding the pastures in which I had cattle were in good condition at the time of the accident, and continue to be well maintained. At the time of the accident, as well as at the present time, the heifers involved in the accident were in a pasture surrounded by a "King Ranch" style fence.

"A portion of fence ajoining Highway 359 in Bee county was partially knocked down by a motor vehicle on or about April 20, 1999. At that time, there were no cattle in the pasture where the fence had been hit, and it remained free of cattle from that time until the time of the incident made basis of this suit. At all times between April 20, 1999 and June 4, 1999 the pasture remained free of cattle as the fence remained down to allow work to be performed by the phone company who has an underground cable where the fence was destroyed."

"The heifers involved in the incident made basis of this suit were at all times fenced in a pasture separate from the pasture where the fence had been knocked down."

"I had no reason to believe or suspect that the heifers involved in the accident had a propensity to jump over or break through either of the fences on my property, nor did I have any reason to believe that the heifers involved in the accident could or would escape from the confines of the fences on my property on June 4, 1999."

Further Affiant sayeth not.

_____
JAMES A. WUNDT

SWORN TO AND SUBSCRIBED, before me by the said Affiant, on this the 11th day of January, 2001, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC, STATE OF TEXAS

KIM DROZD
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 10-07-2002